F. Jay Rahimi, Esq. (SBN: 305286)
E-mail: Jay@LALSLaw.com
LOS ANGELES LEGAL SOLUTIONS, APLC
17200 Ventura Blvd., Suite 115
Encino, CA 91316
Telephone: (818) 510.0555
Facsimile: (818) 510.0590

*Attorneys for Plaintiff,*
Victor Zamora

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| VICTOR ZAMORA, | ) | CASE NO. |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | COMPLAINT FOR DAMAGES FOR VIOLATIONS OF: |
| VERIZON WIRELESS SERVICES, LLC and DOES 1-10, inclusive, | ) | I. CAL. CIV. CODE § 1785 ET SEQ.; |
| Defendants. | ) | II. FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ. |
| | ) | JURY TRIAL DEMANDED |

COMPLAINT

## INTRODUCTION

1. Also, The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. VICTOR ZAMORA ("Plaintiff" or "Mr. Zamora"), by Plaintiff's attorneys, brings this action to challenge the actions of VERIZON WIRELESS SERVICES, LLC ("Verizon") and DOES 1-10 (Verizon and Does -may be collectively referred to as "Defendants") with regard to unlawful credit reporting.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

6. Any violations by Defendants were knowing, willful, and intentional, and

LOS ANG LEGAL SOLUTIONS
818.510.0555

1  Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

8. The true names and capacities of Defendants DOES 1 through 10 whether individuals, corporations, associations, or otherwise, are unknown to Plaintiff, and Plaintiff will seek leave of court to amend this complaint to allege such names and capacities as soon as they are ascertained.

9. All violations alleged are material violations that would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of the (i) Cal. Civ. Code §§ 1785 et seq.; (ii) and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

12. At all times relevant, Defendants conducted business within the State of California.

13. Because Defendants do business within the State of California, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391 since (i) the conduct complained of herein occurred within this judicial district; and (ii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

15. Plaintiff is a natural person who resides in the County of Los Angeles, in the State of California.
16. Defendant Verizon is headquartered in Somerset County, New Jersey, and regularly does business in Los Angeles County, California.
17. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).
18. In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).
19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.
20. Defendant Verizon is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
21. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

22. At all times relevant, Plaintiff is an individual residing within the State of California.
23. Sometime before April 20, 2021, Plaintiff is alleged to have incurred certain financial obligations for Verizon Wireless cellular services for an account

ending in 8714-00001 (the "personal Verizon account"). This was a personal account that Plaintiff never opened, never incurred the alleged debt, and never received a bill for until April of 2021.

24. Sometime after April 20, 2021, but before May 3, 2021, Plaintiff received a collections letter from Sequium Asset Solutions, LLC ("Sequium") attempting to collect the alleged debt. Plaintiff called Sequium and explained this was a mistake and that he did not owe this debt.

25. Several days later, Plaintiff received a credit bureau alert regarding the status of his credit and learned that Verizon was reporting adverse information to the credit bureaus that the alleged debt was past due and in collections.

26. On or about May 3, 2021, Plaintiff called Verizon to investigate this adverse credit reporting and the alleged debt. After several hours on the phone, Verizon acknowledged the mistake, instructed Plaintiff to pay the alleged debt to close the account, and that Verizon would credit Plaintiff's Verizon business account for the amount paid, as well as remove the adverse information being furnished to the credit bureaus regarding the alleged debt.

27. On or about May 5, 2021, Plaintiff paid the alleged debt, which he did not owe, per Verizon's instructions.

28. Plaintiff's Verizon "quick bill summary" for April 25, 2021 – May 24, 2021, reflected a credit given to Plaintiff's Verizon business account ending in 0605-00001 for the payment made towards the alleged debt.

29. Further, during the first few days of May 2021, Plaintiff also submitted online disputes to Experian and TransUnion pursuant to 15 U.S.C. § 1681i(a), which was received by Experian and TransUnion in May of 2021, to ensure that the tradeline associated with the alleged debt would be deleted from Plaintiff's credit report.

30. Said dispute informed Experian, TransUnion and Verizon that Verizon incorrectly tried to collect the alleged debt owed on the personal Verizon account from Plaintiff and also incorrectly furnished information regarding the personal Verizon account to the credit bureaus, which appeared on Plaintiff's personal credit report.

31. Upon information and belief, Experian and TransUnion timely notified Verizon of Plaintiff's dispute.

32. Verizon was then required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).

33. Sometime thereafter, Plaintiff received results of these disputes with TransUnion and Experian which stated that Verizon had verified the account, and that Verizon was still furnishing adverse information regarding the personal Verizon account to the credit bureaus.

34. Despite receipt of Plaintiff's dispute, Verizon, TransUnion and Experian continued inaccurate credit reporting regarding the alleged debt to Plaintiff's credit reports.

35. To date, said inaccurate credit reporting remains on Plaintiff's Experian and TransUnion credit reports.

36. Verizon submits inaccurate credit information regarding Plaintiff to the the credit bureaus every thirty days.

37. Experian, TransUnion and Verizon did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

38. Verizon's investigation was unreasonable.

39. More specifically, Verizon should have discovered from Verizon's own records, including Plaintiff's formal dispute, that the information being reported was

inaccurate and materially misleading since Plaintiff never opened the personal Verizon account, and Verizon confirmed this information with Plaintiff on May 3, 202.

40. Plaintiff contends that it was unreasonable for Verizon to ignore that it had already acknowledged it made an error, nor to not contact Plaintiff if needed.

41. Accordingly, Verizon failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

42. Verizon failed to review all relevant information provided by Plaintiff in the disputes to Experian and TransUnion, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

43. Due to Verizon's failure to reasonably investigate, Verizon further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

44. By inaccurately reporting account information after notice and confirmation of its errors, Verizon failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

45. Through this conduct, Verizon violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Verizon knew or should know was inaccurate.

46. Plaintiff's efforts to correct Verizon's erroneous and negative reporting by communicating Plaintiff's dispute with Experian and TransUnion were fruitless.

47. Defendant Verizon's continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Verizon's knowledge of the actual error was willful.

7
COMPLAINT

48. Verizon's continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Verizon's knowledge of the actual error was reckless.

49. Defendant Verizon's failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Verizon's duty to refrain from reporting inaccurate information.

50. Accordingly, Verizon willfully and negligently failed to comply with its duties to reasonably investigate Plaintiff's dispute.

51. Verizon's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

52. Verizon's conduct has caused Plaintiff emotional distress.

53. Plaintiff has spent significant time disputing this inaccurate information with Verizon and the credit bureaus in an attempt to provide any and all information needed for the investigations.

54. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large charge-off mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

55. Despite Plaintiff's repeated attempts, Verizon continues to report an invalid debt to Plaintiff's credit report.

56. As a direct and proximate result of Verizon's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and

suffered pecuniary loss in attempting to correct Verizon's inaccurate and derogatory information, without success.

57. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

58. By intentionally reporting continuing obligations, Verizon acted in conscious disregard for Plaintiff's rights.

59. To report an ongoing adverse account despite the fact that Verizon improperly opened the personal Verizon account and caused Plaintiff to incur a debt without his knowledge shows that Verizon took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

60. Since these efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

61. As a result of Defendants' unlawful collection practices and credit reporting, as alleged in Paragraphs 1-60, above, Plaintiff suffered actual damages and Defendants' conduct caused Plaintiff mental and emotional distress.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF
### COUNT III
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681-1681x (FCRA)

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

64. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

65. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

### COUNT IV
### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### CAL. CIV. CODE § 1785.1, ET SEQ.

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

68. In the regular course of its business operations, Verizon routinely furnishes information to credit reporting agencies pertaining to transactions between Verizon and Verizon's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

69. Because Verizon is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Verizon is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

70. Since Verizon received all documents required to determine the inaccuracy of Verizon's reporting, Verizon should have known to update said reporting.

71. Verizon also should have determined that Verizon's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Verizon for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Verizon for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Verizon for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Verizon for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Verizon for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Verizon;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Verizon;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B) against Verizon;
- Punitive damages according to proof as to the FCRA; CCCRAA; and, negligence claims;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,
- Any other relief the court deems proper.

## DEMAND FOR TRIAL BY JURY

72. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**LOS ANGELES LEGAL SOLUTIONS**

Dated: July 12, 2021                    By: _s/F. Jay Rahimi_____
                                            F. Jay Rahimi, Esq.
                                            *Attorney for Plaintiff,*
                                            Victor Zamora